**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-40671

Summary Calendar

VICKI LOONEY,

Plaintiff-Appellant,

VERSUS

VAN ZANDT COUNTY, TEXAS; and NANCY HROBAR,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas

ON PETITION FOR REHEARING EN BANC

(6:00-CV-482)

February 4, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

Per Curiam:[*]

Given that no judge in regular active service has requested that the court be polled on rehearing en banc, we will treat Nancy Hrobar's petition for rehearing en banc as a petition for panel

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

rehearing. Treating her petition as a petition for panel rehearing, the petition is GRANTED. The panel's opinion filed January 8, 2002 is withdrawn and the following opinion is substituted therefor.

Vicki Looney sued her former employer, Van Zandt County, Texas ("the County"), and her former supervisor, Nancy Hrobar, for breaching her employment contract and for firing her in violation of the First and Fifth Amendments. The district court granted summary judgment in favor of the appellees, finding that Ms. Hrobar was entitled to qualified immunity and that Ms. Looney failed to carry her evidentiary burden with regard to any of her claims. Because we find material issues of fact regarding (1) Ms. Looney's First Amendment claim against Ms. Hrobar and (2) Ms. Hrobar's qualified immunity defense, we reverse and remand in part for further proceedings.

I.

Vicki Looney had worked for the Van Zandt County Tax Assessor's Office from 1987 until June 2, 2000, when Nancy Hrobar, the Interim Tax Assessor, fired her. At the time of her firing, Ms. Hrobar and Ms. Looney were opponents in the November 2000 County Tax Assessor's election.

There is a history of bad blood between Ms. Looney and Ms. Hrobar. When the County Tax Assessor resigned in late 1999, she left the office vacant. The Van Zandt County Commissioners' Court

considered two people to fill the interim vacancy: Looney and Hrobar. At the time, Ms. Looney was the Chief Deputy in the Assessor/Collector's office. Notwithstanding Looney's experience at the Assessor's office, the County Commissioners' Court voted along party lines to have Ms. Hrobar serve as Interim Assessor. Ms. Hrobar thus became Ms. Looney's interim supervisor.

Ms. Looney and Ms. Hrobar's working relationship was contentious from day one. Ms. Looney submits that during Ms. Hrobar's first week as supervisor, Ms. Hrobar gave her the ultimatum of withdrawing from the 2000 tax assessor race or losing her job. She also presents evidence that Ms. Hrobar made it known to employees of the Tax Assessor's office and the community-at-large that she was looking for reasons to fire Looney. On May 22, 2000, Ms. Hrobar demoted Ms. Looney from Chief Deputy to Deputy and on June 2, 2000, Ms. Hrobar fired her from the tax assessor's office. Ms. Looney contends that Ms. Hrobar demoted and fired her because of her membership in the Democratic party and her decision to remain a candidate in the 2000 tax assessor race.

Ms. Hrobar denies that Ms. Looney's political opposition to her bid for the 2000 tax assessor race had anything to do with her decision to demote and later fire Looney. Rather, she argues that she fired Ms. Looney because she was insubordinate, rude, and uncooperative. Ms. Hrobar cites several instances of Ms. Looney's insubordination and submits third party affidavits to corroborate her claim that Looney was unprofessional.

3

## II.

We review a grant of summary judgment de novo, applying the same standards that governed the district court's ruling. Conner v. Lavaca Hosp. Dist., 267 F.3d 426, 432 (5th Cir. 2001). We view the evidence in the light most favorable to the party opposing the motion, drawing all reasonable inferences in that party's favor. See Rios v. Rossotti, 252 F.3d 375, 378 (5th Cir. 2001); Auguster v. Vermilion Parish Sch. Bd., 249 F.3d 400, 402 (5th Cir. 2001). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

## III.

Mt. Healthy v. City School Dist. Bd. of Education, 429 U.S. 274 (1977), provides the appropriate framework for analyzing a plaintiff's claim that her employer fired her for exercising her First Amendment right to free expression. Under Mt. Healthy, the plaintiff has the initial burden of demonstrating (1) that she suffered from an adverse employment decision; (2) that her conduct was protected by the First Amendment; and (3) that this conduct was a "substantial" or motivating factor in her discharge. Id. at 287. If the plaintiff meets this threshold, the burden shifts to her employer to show, by a preponderance of the evidence, a legitimate

4

reason for firing her even in the absence of this protected conduct. The plaintiff can then refute her employer's explanation by showing that it is merely pretexual. See id.; Click v. Copeland, 970 F.2d 106, 113 (5th Cir. 1992). The parties do not dispute that Ms. Looney satisfied the first two prongs. Thus, the issue on appeal is whether there is a material issue of fact over whether Ms. Looney's political opposition to Ms. Hrobar was a motivating factor in her discharge.

The record reflects the following evidence in support of Ms. Looney's First Amendment claim. Her deposition testimony states that shortly after Ms. Hrobar became the Interim Tax Assessor/Collector, Ms. Hrobar told her that if she wanted to keep her job, she would have to withdraw from the political race. Affidavits from several of the tax assessor's customers state that she was always professional and polite in her dealings. Ms. Looney also submitted affidavits from current and former employees of the tax assessor's office confirming that she acted professionally and that she was congenial and cooperative with her co-workers.

The affidavit of Chyrrel Taylor, one of Ms. Looney's co-workers, also suggests that Ms. Hrobar had improper motives. Ms. Taylor states that Ms. Hrobar actively solicited tax-assessor customers and employees for reasons to fire Looney. Ms. Taylor's affidavit even states that Ms. Hrobar brought her attorneys into the office and encouraged her employees to sign grievance affidavits against Ms. Looney. According to Ms. Taylor, Ms. Hrobar

5

told her employees what type of grievances they should make and promised job security in exchange for providing evidence against Ms. Looney. When Ms. Taylor refused file a grievance, an employee from another office asked her why she had not offered an affidavit against Ms. Looney.

Despite this evidence, the district court found that Ms. Looney failed to establish a causal connection between her constitutionally protected political viewpoint and her discharge. Because Ms. Looney had not refuted all of Ms. Hrobar's evidence of her insubordination and unprofessional demeanor, the court found that Ms. Looney had not sufficiently rebutted Ms. Hrobar's legitimate explanation for Ms. Looney's firing. We respectfully disagree with that finding. Viewing the evidence in the light most favorable to Ms. Looney, we find a material issue of fact as to whether Ms. Looney's political activity was a motivating factor in her discharge. "While [Ms. Looney] must ultimately prove that her political activity was the motivating reason for [her] discharge, the determination of that issue turns on a genuine dispute of material fact, and is a proper issue for trial, not for resolution by summary judgment." Brawner v. City of Richardson, 855 F.2d 187, 193 (5th Cir. 1988); see also Click, 970 F.2d at 113 ("Whether an employee's protected conduct was a substantial or motivating factor in an employer's decision to take action against the employee is a question of fact, ordinarily rendering summary disposition inappropriate."). We also find a material issue of fact over

6

whether Ms. Hrobar "would have reached the same decision as to [Ms. Looney's employment] even in the absence of [her] protected conduct." Mt. Healthy, 429 U.S. at 287. Based upon the evidence that Ms. Hrobar gave Ms. Looney the ultimatum of quitting or withdrawing from the race and that she promised job security to any employee who provided disparaging affidavits against Ms. Looney, we believe that reasonable jurors could find that Ms. Hrobar would not have fired Ms. Looney had she not been Hrobar's political opponent. See Click, 970 F.2d at 114.

IV.

We also find a material issue of fact regarding whether Ms. Hrobar was entitled to qualified immunity. We apply a two-step analysis to determine whether a public official is entitled to qualified immunity. "First, we must examine whether the plaintiff has alleged a violation of a clearly established right." Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000). "Second, we must ask whether the defendants' conduct was objectively reasonable in light of 'clearly established' law at the time of the alleged violation." Id. The district court found that even if Ms. Looney had established that her speech motivated Ms. Hrobar's conduct, Ms. Hrobar's decision to fire her was not objectively unreasonable in light of the evidence that Ms. Looney had acted unprofessionally. We disagree.

To determine objective reasonableness for qualified immunity,

7

we consider whether a reasonable interim tax assessor would have believed that her conduct was lawful in light of the clearly established law involving viewpoint discrimination. See Chiu v. Plano Indep. Sch. Dist., 260 F.3d 330, 354 n.21 (5th Cir. 2001) (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). As discussed above, viewing the facts in the light most favorable to Ms. Looney, there is a genuine issue of fact regarding whether Ms. Hrobar's actions were directed at suppressing Ms. Looney's political viewpoint. "The law requires that qualified immunity be denied officials who transgress those rights of which a reasonable person would have known." Id. (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). We believe that a reasonable person serving in Ms. Hrobar's position would know that the First Amendment forbids her from firing or demoting Ms. Looney on the basis of her political viewpoint. Thus, because we find a genuine issue of material fact regarding whether Ms. Hrobar was entitled to qualified immunity, we reverse summary judgment on that point. See id. at 342.

V.

Ms. Looney does not challenge the district court's rulings with regards to (1) the County's liability for maintaining an unconstitutional demotion or termination policy; (2) her breach of contract claims; or (3) her due process claims. Those claims are therefore waived. Johnson v. Sawyer, 120 F.3d 1307, 1315-16 (5th Cir. 1997).

8

## VI.

Thus, viewing the evidence in the light most favorable to Ms. Looney, we hold that there is a genuine issue of fact regarding whether her political activity motivated Ms. Hrobar to demote and fire her. We also hold that a reasonable jury could find that Ms. Hrobar had failed to show by a preponderance of the evidence that she would have fired Ms. Looney even in the absence of her political activity. In light of the evidence, summary judgment was inappropriate as to (1) Ms. Looney's First Amendment retaliation claim against Ms. Hrobar and (2) the issue of Ms. Hrobar's qualified immunity. We therefore REVERSE and REMAND the district court's summary judgment on these two issues and AFFIRM on the remaining grounds.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.